

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Holender v. Mutl Ind N Inc

Precedential or Non-Precedential: Precedential

Docket No. 06-4632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Holender v. Mutl Ind N Inc" (2008). *2008 Decisions.* Paper 947.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/947

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4632

MORRIS HOLENDER,

Appellant

v.

MUTUAL INDUSTRIES NORTH INC.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-05956)
District Judge: Honorable R. Barclay Surrick

Argued February 8, 2008

Before: MCKEE, AMBRO and ALDISERT, Circuit Judges

(Opinion filed June 3, 2008)

Ari R. Karpf, Esquire (Argued)
Karpf, Karpf & Virant
3070 Bristol Pike
Building 1, Suite 102
Bensalem, PA   19020

          Counsel for Appellant

Cary L. Flitter, Esquire (Argued)
Theodore E. Lorenz, Esquire
Lundy, Flitter, Beldecos & Berger
450 North Narberth Avenue
Narberth, PA   19072-1898

          Counsel for Appellee

Ronald S. Cooper
   General Counsel
Lorraine C. Davis
   Acting Associate General Counsel
Vincent J. Blackwood
   Assistant General Counsel
Susan L.P. Starr, Esquire (Argued)
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C.  20507

          Counsel for Amicus-Appellant

---

OPINION OF THE COURT

---

AMBRO, Circuit Judge

The Age Discrimination in Employment Act ("ADEA") prohibits an individual from bringing suit under that statute until 60 days have passed since he or she filed a "charge alleging unlawful discrimination" with the Equal Employment Opportunity Commission ("EEOC"). *See* 29 U.S.C. § 626(d). During the pendency of this appeal, the Supreme Court considered what qualifies as a "charge" in *Federal Express Corp. v. Holowecki*, 552 U.S. __ , 128 S.Ct. 1147 (2008). It explained that, in addition to the information required by relevant regulations (an allegation and the name of the charged party), "if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id*. at 1158. We apply that standard in this case, and after doing so conclude that the document submitted to the EEOC by Appellant Morris Holender is a charge within the meaning of the ADEA. This suit, brought more than 60 days after Holender filed his charge with the EEOC, is thus allowed under the ADEA. That the EEOC, near the end of the 60-day period, asked for further, unnecessary information does not, as it commendably concedes in an *amicus* brief, change this result. We thus vacate and

3

remand.

### I.    Factual Background and Procedural History

On August 26, 2005, Holender submitted a two-page document to the EEOC.  The first page was an EEOC Form 5.  It bore the title "CHARGE OF DISCRIMINATION."  The top-right corner included an assigned "CHARGE NUMBER."  It provided Holender's date of birth and contact information, and the name and contact information of Mutual Industries North, Inc. ("Mutual").  Holender checked the box indicating "AGE" under the heading "CAUSE OF DISCRIMINATION BASED ON."  The space left for the particulars of the alleged discrimination referred to an attached sheet.  Holender signed the form in two places: in the box for the "Charging Party" and in the box for the "SIGNATURE OF COMPLAINANT." Holender did not check the box next to the statement that "I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures."  The form was not notarized.

The second page, also signed by Holender, was an affidavit entitled "EEOC COMPLAINT OF MORRIS HOLENDER."  It read in full as follows:

I, Morris Holender, do hereby bring this

4

EEOC Complaint against Mutual Industries, located at 707 W. Grange Avenue, Philadelphia, PA 19120. I am bringing the instant complaint for age discrimination.

On or about Wednesday, July 10, 2005, I interviewed for a position as a customer service representative. I interviewed with one Edmund Dunn. During the course of the interview, he expressly stated, "I am not allowed to ask these questions under law, but if I were to ask you these questions, but remember that I am not allowed to ask you, . . . what year did you graduate from high school"? I knew that Mr. Dunn was specifically seeking information about my current age. Feeling uncomfortable and attempting to obtain the job, I reluctantly informed Mr. Dunn that I graduated high school in 1965.

I was told the company was looking to fill the position immediately and that I would be contacted as soon as my reference was checked. Mr. Dunn never contacted my specified reference, and moreover, never contacted me following my interview. Mr. Dunn also specifically told me that I meet all of the position qualifications, yet I was still not contacted. I am currently 59 years old and believe that I was not hired specifically

5

because of my age.

> It is my further opinion that Mr. Dunn has made similar age inquiries and selectively not hired other prospective job applicants solely because of their age. I am therefore filing the instant charge on behalf of all persons similarly situated.

Nearly two months later, the EEOC sent a letter dated October 19, 2005, to counsel for Holender. It stated: "[B]efore the EEOC can formally docket this matter as a charge and begin its investigatory and/or mediation process, certain additional/supporting information from you/your client is required." It enclosed questionnaires entitled: Charge Information, Selection, Discipline, Witness and Remedy. It advised Holender that, "[o]n receipt of the completed questionnaires (or equivalent information), the EEOC will review your response to determine whether or not this inquiry should be formalized as a charge." It asked Holender to provide the documents within 33 days. Holender did not do so. He instead filed suit in the United States District Court for the Eastern District of Pennsylvania on November 14, 2005 (80 days after submitting the two-page document to the EEOC). He asserted a single claim for violation of the ADEA.

Mutual moved to dismiss the complaint for lack of subject matter jurisdiction. It argued that Holender had failed to exhaust his administrative remedies prior to bringing suit; he

had not provided the EEOC with the information it had requested and thus had not permitted it to finish its inquiry into this charge. The District Court treated the motion to dismiss as a motion for summary judgment. It concluded that Holender had failed to satisfy the relevant administrative exhaustion requirements and entered summary judgment in favor of Mutual.

Holender timely appealed. He argues that he satisfied the administrative exhaustion requirements by submitting the two-page document that he describes as a charge. The EEOC has filed an *amicus* brief in support of his claim. It states that, even though it did not treat Holender's submission as a charge, it should have done so.[1]

## II.    Analysis

### A.    Standard Announced in *Federal Express Corp. v. Holowecki*

The ADEA provides that "[n]o civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d). As the Supreme Court explained

---

[1]The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*. *Dilworth v. Metro. Life Ins. Co.*, 418 F.3d 345, 349 (3d Cir. 2005).

in *Holowecki*, the ADEA does not define the term "charge" and EEOC regulations "give some content to the term, [but] fall short of a comprehensive definition." *Holowecki*, 128 S.Ct. at 1154.

> [29 C.F.R. § 1626.3] says: "*charge* shall mean a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act." Section 1626.8(a) identifies five pieces of information a "charge should contain": (1)-(2) the names, addresses, and telephone numbers of the person making the charge and the charged entity; (3) a statement of facts describing the alleged discriminatory act; (4) the number of employees of the charged employer; and (5) a statement indicating whether the charging party has initiated state proceedings. The next subsection, § 1626.8(b), however, seems to qualify these requirements by stating that a charge is "sufficient" if it meets the requirements of § 1626.6—*i.e.*, if it is "in writing and . . . name[s] the prospective respondent and . . . generally allege[s] the discriminatory act(s)."

*Id*. (emphasis in original).

The Supreme Court deferred under *Auer v. Robbins*, 519 U.S. 452 (1997), to the EEOC's position "that the regulations identify the procedures for filing a charge but do not state the full contents a charge document must contain." *Holowecki*, 128 S.Ct. at 1155 (citing *Auer*, 519 U.S. at 461, for the rule that it accepts an agency's position unless it is plainly erroneous or inconsistent with the interpreted regulation).

The Supreme Court then addressed the question of what elements must be included in a charge beyond those listed in the regulations. *Id.* It deferred under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the EEOC's view that,

> [i]n addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

*Holowecki*, 128 S.Ct. at 1157–58.

The Supreme Court acknowledged that, "under [the] permissive standard" it announced, "a wide range of documents might be classified as charges." *Id.* at 1158. It described this result as "consistent with the design and purposes of the ADEA," and noted that most ADEA filings appear to be *pro se*.

9

*Id.* The Court rejected the contention that a filing does not become a charge until acted upon by the EEOC, reasoning that it would be "illogical and impractical to make the definition of charge dependent upon a condition subsequent over which the parties have no control." *Id.* at 1159. The Court thus passed to the question whether the filing before it satisfied the test it had articulated.

The plaintiff in *Holowecki* had filed an intake questionnaire and a six-page affidavit detailing the allegations of discrimination. The Supreme Court noted that "[u]nlike EEOC Form 5," an intake questionnaire "is not labeled a 'Charge of Discrimination.'" *Id.* "In fact the wording of the questionnaire suggests the opposite: that the form's purpose is to facilitate pre-charge filing counseling and to enable the agency to determine whether it has jurisdiction over potential charges." *Id.* (internal quotation marks omitted).

The Court nonetheless concluded that the documents submitted by the *Holowecki* plaintiff were a charge within the meaning of the ADEA. *Id.* Those documents included the request that the EEOC "force Federal Express to end their age-discrimination plan." *Id.* at 1159–60. The Court explained that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 1160.

10

The Court also recognized that "because the agency failed to treat [Holowecki's] filing as a charge in the first instance, both sides lost the benefits of the ADEA's informal dispute resolution process." *Id.* at 16. The Court observed that "[t]he court that hears the merits of this litigation can attempt to remedy this [deficiency] by staying the proceedings to allow an opportunity for conciliation and settlement." *Id.* It recognized the imperfect quality of this remedy by considering that the chances of conciliation likely had been reduced by the beginning of the adversary process, but ultimately found that imperfection unavoidable. *Id.*

The Supreme Court also addressed our decision in *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983) (holding that, to constitute a charge under the ADEA, "notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery"). It rejected the "manifest intent" standard to the extent it "suggests that the filer's state of mind is somehow determinative." *Holowecki*, 128 S.Ct. at 1158. The Court found that test to be appropriate, however, if "it means the filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.* In other words, the Court thought our "manifest intent" standard subject to both correct (objective) and incorrect (subjective) applications. Since the Court now has set a standard for the analysis of what is a charge, we have no need

11

for the label "manifest intent" and put it aside in order to eliminate the risk of its erroneous application in the future. Accordingly, we turn to our case.

## B.     Application of the *Holowecki* Standard

Under *Holowecki*, the document submitted to the EEOC "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id*.    There is no question that the document submitted by Holender meets the limited requirements stated in governing regulations.  He used an EEOC Form 5, which, as the Supreme Court observed in *Holowecki* (involving an intake questionnaire), is entitled "CHARGE OF DISCRIMINATION." *Id*. at 1159.  That form contains multiple references to itself as a charge and the affidavit attached by Holender referred to the "instant charge [filed] on behalf of all persons similarly situated."  The latter portion of that statement makes clear that Holender seeks legal relief.  Thus, the EEOC should have realized that Holender wished to begin the process of seeking ADEA relief.  Per the teachings of *Holowecki*, this is a charge for ADEA purposes.  As noted, the EEOC itself agrees,[2] and the

---

[2]The Supreme Court noted in *Holowecki* that the EEOC believed that the submission in question met the standard it had articulated. *Holowecki*, 128 S.Ct. at 1159.  The Court appeared to give deference to that belief: "The agency's determination is

12

purported ambiguities identified by Mutual do not persuade us to the contrary.[3]

Mutual argues, however, that Holender must do more

_____

a reasonable exercise of its authority to apply its own regulations and procedures in the course of the routine administration of the statute it enforces." *Id.* We need not decide whether to defer to the EEOC's view because we reach the same conclusion considering the question *de novo*.

[3]Mutual argues that the document submitted by Holender should be construed as a complaint rather than a charge. It points to the title of the affidavit attached to Holender's Form 5. That affidavit bears the title "EEOC Complaint." 29 C.F.R. § 1626.3 defines "complaint" as "information received from any source, that is not a charge, which alleges that a named prospective defendant has engaged or is about to engage in actions in violation of the Act." Mutual argues that, unlike a charge, Holender's "complaint" did not request remedial action by the EEOC.

We give little weight to Holender's misuse of the word "Complaint" in his affidavit. Although he has counsel, we will not deprive him of access to the ADEA's procedures because of his counsel's imprecise word choice. That is particularly true because the EEOC's own form ignores the difference between the two terms: its Form 5 is called a charge and refers to itself with that term, but it also includes a box for the "SIGNATURE OF COMPLAINANT."

13

than satisfy the standard stated in *Holowecki*. It asserts that a counseled filing with the EEOC should be considered under a higher standard than the *pro se* filing considered in that case. It also contends that this case is unlike *Holowecki* because Holender failed to respond to the EEOC's request for further information. We reject these arguments.

Mutual is correct that the Supreme Court adopted its more flexible standard in *Holowecki* at least in part to protect alleged victims of age discrimination who proceed *pro se*. *See id.* at 1158. It specifically avoided adopting a rule that would "encourage individuals to avoid filing errors by retaining counsel, increasing both the cost and the likelihood of litigation." *Id.* at 1160. However, it did not indicate that an entirely different analysis applies to counseled submissions to the EEOC.

Regardless, we have no doubt that the EEOC should have construed Holender's submission as a charge. We will not fault Holender for failing to include a specific request for a remedy. There is no need to require that counseled submissions to the EEOC contain some magic combination of words explicitly seeking agency action. A charge, submitted by counsel or not, may imply such a request.

That the EEOC initially did not treat Holender's filing as a charge is of no consequence. The statutory language grants the right to bring a civil action after 60 days have passed since

14

filing a charge.  A path otherwise needs to be laid by Congress.

Ultimately, this case shares a core similarity with *Holowecki*: the problems here arose from the EEOC's action (or, perhaps more precisely, delay in acting), not from any fault of the alleged victim of age discrimination.  We recognize that Mutual has done nothing to frustrate Holender's ability to seek relief from the EEOC.  Mutual justifiably may think that the EEOC has deprived it of a meaningful opportunity to avoid litigation.[4]  However, the lesson of *Holowecki* is that both parties must bear the consequences of the EEOC's acts.  This result is "unfortunate" but "unavoidable."  *Id.* at 1161.  As noted above, Congress may wish to revisit this regulatory regime if it proves unworkable.

III.    **Conclusion**

Holender submitted a document to the EEOC that it should have construed as a charge.  He thus acted within his rights when he filed a civil action 80 days later.  The EEOC failed to follow through on the informal dispute resolution processes provided by the ADEA before 60 days had passed.

---

[4]Mutual misdirects its apparent frustration with the EEOC by criticizing the positions the agency takes in its *amicus* brief.  The EEOC may have delayed in handling Holender's charge, but it should not be criticized now for acknowledging and attempting to rectify that delay.

15

Mutual and Holender both suffered from this delay. We may not be able to erase the consequences of that inaction, but we may not close our eyes to the real cause of this problem and punish Holender in its place. Accordingly, we vacate the decision granting summary judgment in favor of Mutual and remand for further proceedings.[5]

---

[5]On remand, the District Court may entertain a motion under *Holowecki* to stay the proceedings while the parties attempt to settle this matter. *See Holowecki*, 128 S.Ct. at 1160–61.