NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3083
_____

ANNA McCLEMENT,

Appellant

v.

PORT AUTHORITY TRANS-HUDSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-00522)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2012

Before:  FUENTES, FISHER and GREENBERG, *Circuit Judges*.

(Filed: November 20, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Anna McClement appeals from the District Court's grant of summary judgment to

defendant Port Authority Trans-Hudson Corporation ("PATH") on her allegations of age

discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We will affirm.

I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts that are necessary to our analysis.

On July 6, 2007, McClement, a 47-year-old certified locomotive engineer employed by PATH, used her cell phone to order food while operating a seven-car passenger train. Based on her inappropriate conduct, PATH charged McClement with violating its rules. McClement accepted responsibility for her behavior, and PATH formally disciplined her by written reprimand and warning on August 1, 2007.

PATH applies an unwritten, but well-established, promotional policy to a disciplined employee. The process begins when PATH posts a promotional opportunity. PATH's announcement describes the position's eligibility qualifications, which usually include the requirement that the employee not be subject to pending disciplinary action as of the bulletin's closing date. PATH considers a disciplinary action to be "pending" for one year from the date it is instituted. If the employee is subject to pending disciplinary action, he is automatically screened out of possible promotions; if not, he is screened in. PATH places screened-in employees on a horizontal roster, which lists all employees eligible for potential promotion. PATH's management retains the discretion to select the

best eligible employee from the horizontal roster for actual promotion. The horizontal roster may last for longer than a year. For this reason, if an employee eligible for potential promotion is disciplined after PATH places her on the horizontal roster, she remains on that list, even though she is ineligible for actual promotion during the one-year pendency of her disciplinary action.

On June 17, 2008, PATH posted a promotional opportunity for the operations examiner training program. The announcement bulletin specified a closing date of July 2, 2008, and cautioned that "pending disciplinary action will disqualify a candidate from this promotional opportunity." On July 1, 2008, McClement applied, and on July 11, 2008, PATH notified her that it had screened her out because her July 2007 disciplinary action was still pending. PATH also screened out three other employees for the same reason. PATH later placed four employees on the horizontal roster, two of whom were over 40 years old and were actually promoted.

On September 27, 2008, McClement filed an Equal Employment Opportunity Commission ("EEOC") charge against PATH, alleging that PATH discriminated against her on the basis of her age. On November 6, 2008, EEOC dismissed the charge as untimely.

On October 15, 2008, PATH posted another promotional opportunity for the operations examiner training program, specifying a closing date of October 30, 2008. McClement re-applied, and because her disciplinary action was no longer pending,

3

PATH screened her in.  PATH placed McClement on the horizontal roster on November 24, 2008.

On December 9, 2008, McClement used a fraudulent parking pass in an unauthorized PATH lot, and when questioned about the source of her counterfeit pass, she falsely stated that PATH had given it to her.  On February 9, 2009, PATH held an investigatory hearing after which it disciplined McClement by suspending her without pay for two weeks and suspending her parking privileges for six months.  PATH held an appellate hearing and denied McClement's appeal on March 30, 2009.  The Public Law Board later sustained PATH's discipline of McClement.

As a result of her second disciplinary action, McClement became ineligible for promotion from February 23, 2009 to February 23, 2010.  When her discipline expired, PATH's management decided McClement was not the right fit for the operations examiner position, which was "a job that held high integrity and responsibility," because she had been "untruthful."  Appellee's Supp. App. at 5.

On February 27, 2009, McClement filed a second EEOC charge, alleging that PATH (1) discriminated against her on the basis of her age by screening her out of the July 2, 2008 operations examiner training program and (2) retaliated against her for filing her first EEOC charge by disciplining her for her counterfeit parking pass.  On August 20, 2009, EEOC dismissed McClement's second charge on the merits.

4

On February 5, 2009, McClement filed the instant complaint under the ADEA. On October 28, 2009, McClement filed an amended complaint that incorporated the allegations in her second EEOC charge. On June 29, 2011, the District Court granted summary judgment in favor of PATH. McClement's timely appeal to this Court followed.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*. *Holender v. Mut. Indus. N., Inc.*, 527 F.3d 352, 354 n.1 (3d Cir. 2008). We apply the same test as the District Court, and will affirm its ruling if, viewing the evidence in the light most favorable to the non-moving party, we find that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Dilworth v. Metropolitan Life Ins. Co.*, 418 F.3d 345, 349 (3d Cir. 2005).

## III.

### A.

McClement argues that the District Court erred when it granted summary judgment to PATH on her claim of age discrimination under the ADEA. We disagree.

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to

his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This protection against age discrimination is "limited to individuals who are at least 40 years of age." *Id.* § 631(a). When a plaintiff alleges that he has suffered age discrimination predicated on disparate treatment, liability under the ADEA depends on whether the plaintiff's age "actually motivated the employer's decision." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993)).

Where, as here, a plaintiff proffers only indirect evidence of discrimination, we apply the familiar three-step *McDonnell Douglas* burden shifting framework under which the plaintiff carries the initial burden of establishing a prima facie case. *Id.* (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)). If the plaintiff is able to show a prima facie claim of discrimination, the burden of production then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the burden then shifts back to the plaintiff to give him an opportunity to show that the stated reason is in fact mere "pretext." *Id.* at 804.

When a plaintiff complains of age discrimination under the ADEA based on his employer's failure to promote him, the prima facie case requires him to show that (1) he was a member of the protected class, *i.e.*, over 40 years old; (2) he was qualified for the new position; (3) he suffered an adverse employment decision, *i.e.*, he was passed over

6

for the desired promotion; and (4) his employer's refusal to promote him occurred under circumstances that give rise to an inference of age discrimination. *Monaco*, 359 F.3d at 300; *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999).

McClement argues that she established a prima facie case of discrimination under the ADEA. She is incorrect. With regards to the second requirement, in order for McClement to have been qualified for the promotional program, she must have been eligible for it. But the bulletin that advertised the promotional program explicitly stated that "unsatisfactory attendance record, and/or *pending disciplinary action* will disqualify a candidate from this promotional opportunity." App. at 19 (emphasis added). PATH's policy is that all employees can be screened out of promotional opportunities for one year following any disciplinary action. When McClement applied for the first promotional program on July 1, 2008, she was still within one year of her disciplinary action related to improper use of her cell phone, which occurred on July 6, 2007.

McClement argues that (1) because the policy was unwritten, it could not be used against her and (2) the District Court erred by making a determination of credibility based on the testimony of a PATH employee. But the mere fact that a policy is unwritten does not necessarily make it illegitimate. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 46, 53 (2003) (holding that employer's unwritten policy not to rehire certain types of former employees "plainly satisfied" its obligation to articulate a legitimate, nondiscriminatory reason for refusing to rehire plaintiff).

7

Moreover, the District Court did not base its decision on whether there was a policy solely on the testimony of one PATH employee. Rather, McClement admitted in her testimony that she was aware of the policy and that before applying for the second promotional opportunity, she spoke with PATH management about whether her one year period had expired so that she could apply for the promotion.

Because McClement failed to establish a prima facie case of discrimination, we need not decide whether PATH's proffered non-discriminatory reason for its refusal to promote McClement was pretext. We conclude that the District Court did not err in granting summary judgment to PATH on McClement's ADEA discrimination claim.

B.

McClement also contends that the District Court erred when it granted summary judgment to PATH on her claim of retaliation under the ADEA. We disagree.

In order to establish a prima facie case of retaliation under the ADEA, a plaintiff must show that (1) she was engaged in a protected activity; (2) the defendant took an adverse employment action after or contemporaneous with the plaintiff's protected activity; and (3) a causal link exists between the plaintiff's protected activity and the adverse employment action. *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 508-09 (3d Cir. 2004).

Neither adverse employment action at issue in this case amounted to retaliation under the ADEA. The discipline issued on February 23, 2009, was due to McClement's

8

display of a fraudulent parking pass, not because of her EEOC complaint. To the extent that McClement argues that this discipline was based on a false allegation (and therefore pretextual), we disagree. The disciplinary charge was sustained after a fair and impartial hearing at which McClement had a chance to present evidence and conduct cross-examination. It was then upheld after a proper appeal. Finally, the Public Law Board sustained the charge, finding the discipline to be justified by McClement's "willful deceit." Thus, PATH's disciplinary action against McClement for her fraudulent behavior was justified.

Nor was PATH's November 2008 refusal to promote McClement due to McClement's EEOC filing. PATH's training program announcement made it clear that PATH management has discretion to choose the order in which employees are selected for promotion. McClement's supervisor provided a legitimate reason for not choosing her for promotion when he expressed his belief that she lacked the candor needed for the job. McClement offered no contrary evidence to show this decision actually was a result of her EEOC filing.

We conclude that the District Court did not err in granting summary judgment to PATH on McClement's ADEA retaliation claim.

IV.

For the reasons set forth above, we will affirm the order of the District Court.

9