**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1800
_____

GLENDA DIANNE BROOKS,
Appellant

v.

HARRISBURG AREA COMMUNITY COLLEGE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:23-cv-01169)
District Judge:  Honorable Sylvia H. Rambo
_____

Argued:  March 26, 2025

Before:  BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: May 12, 2025)
_____

Christopher E. Fisher        **[ARGUED]**
SAIDIS SHULTZ & FISHER
100 Sterling Parkway
Suite 300
Mechanicsburg, PA 17050

    *Counsel for Appellant*

Hannah M. Schroer        **[ARGUED]**
David J. Freedman
BARLEY SNYDER
126 E King Street
Lancaster, PA 17602

    *Counsel for Appellee*

—————

OPINION[*]

—————

PHIPPS, *Circuit Judge*.

On July 13, 2023, a faculty career counselor and adjunct professor, Glenda Dianne Brooks, sued her employer, Harrisburg Area Community College, in federal court for age discrimination based on events occurring as early as July 2019. *See* 28 U.S.C. § 1331; 29 U.S.C. § 626(c)(1). A condition precedent for bringing her claim under the Age Discrimination in Employment Act is the filing of a 'charge' with the Equal Employment Opportunity Commission within 300 days of the allegedly discriminatory employment action. *See* 29 U.S.C. § 626(d)(1); *Hildebrand v. Allegheny County*, 757 F.3d 99, 111 (3d Cir. 2014) ("A plaintiff's obligation to timely file with the EEOC is a condition precedent to filing suit under the ADEA."); *see also id.* (recognizing that ADEA claims for conduct occurring in Pennsylvania are subject to the Act's 300-day filing period given Pennsylvania's status as a deferral state (first citing 29 U.S.C. § 626(d)(2); then citing *id.* § 633(b); and then citing *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000))). Although conditions precedent may be pleaded generally, *see* Fed. R. Civ. P. 9(c), in her one-count amended complaint for age discrimination, Brooks specifically alleged that she filed a "claim" with the EEOC on October 1, 2019. Am. Compl. ¶ 23 (JA71).

The specific use of the term 'claim' instead of 'charge' in the amended complaint leaves some ambiguity as to the pleading of the condition precedent because the term 'charge' carries a specific meaning in the EEOC context. *See generally Edelman v.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Lynchburg Coll.*, 535 U.S. 106 (2002) (examining the charge-filing requirement of Title VII). EEOC regulations require that a charge of age discrimination "be in writing," that it "name the prospective respondent," and that it "generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6; *see also id.* § 1626.8(a)(1)–(5) (providing five other technical requirements for a charge); *cf. id.* § 1626.6 ("Charges received in person or by telephone shall be reduced to writing."). In addition, the Supreme Court, in reliance on three deference doctrines – *Chevron*, *Auer*, and *Skidmore* – reasoned that to qualify as a charge, a filing "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *see Holender v. Mut. Indus. N. Inc.*, 527 F.3d 352, 355 (3d Cir. 2008) (illuminating *Holowecki*'s multi-step deference scheme); *see also Michelson v. Exxon Rsch. & Eng'g Co.*, 808 F.2d 1005, 1010 (3d Cir. 1987) (explaining that the written filing must "manifest[] an intent to activate the Act's machinery" (quoting *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983))).[1]

Against that legal backdrop, HACC moved to dismiss the amended complaint for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Its memorandum in support of that motion included three exhibits: a formal charge that Brooks filed with the EEOC on April 12, 2023; a right-to-sue letter issued by the EEOC on April 14, 2023; and an inquiry form that Brooks submitted to the EEOC on October 1, 2019. Based on the last of those documents – the inquiry form – HACC argued that a charge had not been filed on October 1, 2019. Rather, according to HACC, the inquiry form submitted on that date was a pre-charge document that did not constitute a charge because it did not request that the

---

[1] Despite intervening Supreme Court case law on two of those doctrines, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) (*Chevron*); *Kisor v. Wilkie*, 588 U.S. 558 (2019) (*Auer*), no party disputes the continuing precedential force of *Holowecki*'s request-to-act requirement.

EEOC take any remedial action as required under *Holowecki*. *See Holowecki*, 552 U.S. at 402. Thus, HACC asserted, Brooks failed to administratively exhaust her ADEA claim within 300 days.

In opposing HACC's motion, Brooks submitted two additional documents not mentioned in or attached to her amended complaint. The first consisted of the notes taken by an EEOC representative from his interview with Brooks on January 14, 2020, as well as the representative's conversation with her attorney two days later. The second was the EEOC's activity log for her case, which recorded filings and contacts among Brooks, her attorney, and the agency in January and February 2020. Those documents indicated that in January 2020, an EEOC representative communicated that he would be finalizing a charge for Brooks's signature. Based on that information, Brooks argued not that the inquiry form was alone sufficient for a charge but rather that the inquiry form, "coupled with" the interview notes and the activity log, evidenced a request that the EEOC take remedial action and that she therefore submitted a charge on October 1, 2019. Br. in Opp'n to Def.'s Mot. to Dismiss 8 (D.C. ECF No. 11).

In its reply brief, HACC countered that those additional documents could not transform the inquiry form into a valid charge. According to HACC, because those documents did not contain an express request for the EEOC to take remedial action, Brooks failed to administratively exhaust her claim within 300 days.

In evaluating HACC's motion to dismiss, the District Court considered the allegations in the amended complaint and the documents attached to the motion-to-dismiss papers. *See Brooks v. Harrisburg Area Cmty. Coll.*, 2024 WL 1333376, at \*1 n.1 (M.D. Pa. Mar. 28, 2024). From its review of those materials, the District Court determined that Brooks had not made a request for the EEOC to take remedial action within 300 days of

4

the complained-of discriminatory actions. *See id.* at \*3–4 (relying on *Holowecki*, 552 U.S. at 404). It then dismissed her ADEA claim with prejudice.

Through a timely notice of appeal, Brooks invoked this Court's appellate jurisdiction to challenge that final decision. *See* 28 U.S.C. § 1291.

On *de novo* review, the application of one principle is dispositive: a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). And here, in an effort to save her amended complaint, Brooks has not attempted to show that she made a request as of October 1, 2019, for the EEOC to take remedial action. Instead, in both the District Court and this Court, Brooks has pivoted to argue that the October 1 inquiry form "coupled with" or "combined with" the interview notes and the activity log from January 2020 constituted a charge. Br. in Opp'n to Def.'s Mot. to Dismiss 8 (D.C. ECF No. 11); Appellant's Opening Br. 18. Moreover, on appeal she now argues in the alternative that even without reference to the inquiry form, her January interview satisfied the charge-filing requirement. But even if proven, her contentions would place the date of a submitted charge in January 2020, and thus she advocates for a position different than the allegations in her amended complaint – that she filed a charge on October 1, 2019. But Brooks cannot through motion practice amend the date on which her pleading alleges that she filed a charge, *Gov't Emps. Ins. Co.*, 98 F.4th at 472, so she must establish that she filed a charge by October 1, 2019.

None of the documents attached to the motion-to-dismiss papers suggest that she filed a charge as of that date. The inquiry form itself does not contain the requisite request

that the EEOC take remedial action.  *See Hildebrand*, 757 F.3d at 112–13.[2]  And it does not matter whether the documents from January 2020 attached to her motion papers (supposing they could be considered at the motion-to-dismiss stage) would – either in combination with the inquiry form or by themselves – amount to the filing of a charge in January 2020.  Rather, to salvage her claim, those documents would have to demonstrate that Brooks made a request that the EEOC take remedial action on October 1, 2019, and they do not show that.  Accordingly, we will affirm the District Court's final order dismissing the claim with prejudice.[3, 4]

---

[2] *See also Hildebrand*, 757 F.3d at 112 n.2 ("[W]e are satisfied that the Intake Questionnaire was properly before the District Court. . . .  [I]t directly corroborated Hildebrand's claim that he had satisfied the conditions precedent to filing suit under the ADEA."); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

[3] It is true that under this Court's precedents "district courts must offer amendment [in civil rights cases] – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (alteration in original) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007)); *cf.* Fed. R. Civ. P. 15(a)(2) (stating that leave to amend should be freely given "when justice so requires").  That principle does not allow amendments *ad infinitum*, but here it is not necessary to assess whether Brooks should have been afforded an opportunity to amend her complaint a second time because she does not raise that argument on appeal.  *See* Fed. R. App. P. 28(a)(8); *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").  *See generally Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (concluding leave to amend was not required under this principle after a plaintiff had already "amended her complaint once and did not move to amend again or suggest what she might add"); *Mullin*, 875 F.3d at 150 ("A decision on whether to permit amendment of the pleadings generally falls within the District Court's discretion.").

[4] Judge Bibas joins the majority in full.  He would also affirm for a separate reason: Even if it were permissible to consider both the inquiry form and the interview notes, in his view these together do not add up to a charge of discrimination.  To be a charge, a filing "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).  Because the Commission "is

not required to treat every completed [inquiry form] as a charge," we know that something more is required. *Id.* at 405. Here, Brooks filed a form but did not request Commission action. The headings on the form that she submitted say "potential charging party," not charging party. App. 58–59. And the interview notes are similarly bereft of any request from Brooks for Commission action.

AMBRO, *Circuit Judge*, concurring

I join the majority's opinion. I write separately, however, to explain my view that the October inquiry form and January interview notes together would have formed a charge by Brooks against her employer, Harrisburg Area Community College (HACC), if she had so pleaded.

To be a charge, a filing must satisfy two conditions. First, it must comply with certain regulatory requirements—for example, be in writing, name the prospective respondent, and generally allege discriminatory acts. *See* 29 C.F.R §§ 1626.6, 1626.8(b). The parties here do not dispute this prong. Second, and more to the point, the filing must, "by a reasonable construction of its terms," request that "the agency … activate its machinery and remedial processes." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). We evaluate the filing "from the standpoint of an objective observer." *Id.* This is a "permissive standard" that allows a "wide range of documents" to count as charges. *Id.* "[A] charge can be a form, easy to complete, or an informal document, easy to draft." *Id.* at 403. The Supreme Court has explained that this low bar is "consistent with the design and purpose of the ADEA," *id.* at 402, which establishes a "remedial scheme in which laypersons … are expected to initiate the process." *EEOC v. Com. Off. Prods. Co.*, 486 U.S. 107, 124 (1988).[1]

---

[1] The District Court held, citing *Holowecki* and our decision in *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 113 (3d Cir. 2014), that only contemporaneously filed materials can form a charge. The documents in those cases were filed contemporaneously, but neither suggests that they must be. As we explained in *Holender v. Mutual Industries North Inc.*, filings count as a charge when they (1) provide certain information required by EEOC regulations and (2) are reasonably construed as a request for the EEOC to vindicate the employee's rights. 527 F.3d 352 (3d Cir. 2008). Neither *Holowecki* nor *Hildebrand* imposes requirements beyond that.

1

Judge Bibas would affirm the District Court's decision on the additional ground that "Brooks filed a form but did not request Commission action," and thus failed to satisfy the second charge condition. Maj. Op. 7 n.4. I disagree. The question is not whether Brooks expressly requested agency action. "There is no need to require … some magic combination of words explicitly seeking agency action." *Holender*, 527 F.3d at 357. The question is instead whether an objective observer would have understood Brooks's filings as a request for the EEOC to vindicate her rights. I believe that one would.

Brooks provided the EEOC's investigator with additional factual detail about her allegations well beyond what she included in her initial inquiry form. She also informed him that she was represented by counsel and that her lawyer had asked HACC to send him all information pertaining to her employment and to preserve her employment records. And, crucially, Brooks's lawyer instructed the EEOC investigator to "draft the charge." App. 55. We have applied *Holowecki* to conclude that a plaintiff who completes an intake questionnaire and merely checks a box stating, "I want to file a charge of discrimination" "unquestionably files a charge of discrimination." *Hildebrand*, 757 F.3d at 113. Providing detailed factual allegations and having one's lawyer expressly request that the EEOC write up a charge is no less explicit.

In my view, a reasonable observer would conclude that someone who (1) filed an inquiry form, (2) provided additional factual allegations during an interview with an agency investigator, (3) hired a lawyer, (4) instructed her former employer retain documents in anticipation of litigation, and (5) *expressly asked the agency to prepare a charge*, was requesting that the EEOC activate its remedial machinery. It is of no moment that the EEOC did not in fact treat the inquiry form and written interview notes that way. *See* App. 45 (EEOC investigator informing Brooks's attorney that the agency no longer

2

prepared charges for complainants represented by counsel and instructing him to complete "blank EEOC Charge forms"). If an objective observer would conclude that the filing, whatever its form, was a request for the EEOC to vindicate the filer's rights, then it is a charge, no matter how the EEOC treated it. Problems arising "from the EEOC's action, … not from any fault of the alleged victim of age discrimination," do not matter a whit. *Holender*, 527 F.3d at 357.

Unfortunately, Brooks never pleaded that the January interview notes counted as the charge. To be sure, Federal Rule of Civil Procedure 9(c) permits plaintiffs to plead conditions precedent generally. But Brooks specifically pleaded that the October 1, 2019 inquiry form was the charge, so we cannot consider other documents that she never identified in the complaint. I thus join the majority in affirming on that narrow ground.